**REGINALD SCOTT**                                                                                               **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 1:24-cv-00067-TBM-RPM**

**XAVIER THICKLEN**                                                                        **DEFENDANT**

**ORDER TRANSFERRING CIVIL ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN**

This matter is before the Court *sua sponte* for consideration of transfer of venue. *Pro se* Plaintiff Reginald Scott is an inmate currently housed at the Harrison County Adult Detention Center in Gulfport, Mississippi. [1], p. 1. His claims arise under 42 U.S.C. § 1983, and he names Xavier Thicklen as Defendant. [1], p. 1. Scott is proceeding *in forma pauperis*. [8], pp. 1-3. For the following reasons, the Court finds that this civil action should be transferred to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division.

### I.     BACKGROUND

Scott was married to Shonda Martin-Scott before her death on November 20, 2022. [1-1], p. 9. Some time before she died, Shonda was housed as a prisoner at the Milwaukee County Jail. [1-1], p. 1. Thicklen was employed as a corrections officer during Shonda's incarceration, and she alleged that he raped her several times. [1-1], p. 1. Shonda sued both Thicklen and Milwaukee County in the United States District Court for the Eastern District of Wisconsin. [1-1], p. 1; *see also Martin v. County of Milwaukee*, No. 14-cv-200-JPS, 2017 WL 4326512 (E.D. Wis. Sept. 28, 2017). Some claims survived summary judgment and proceeded to a jury trial, after which Shonda was awarded $6,700,000.00 in damages. [1-1], p. 1. The district court upheld the award following post-

judgment motions, but the Seventh Circuit Court of Appeals reversed in part, vacated in part, and remanded the case. [1-1], p. 8; *see also Martin v. Milwaukee Cnty.*, 904 F.3d 544 (7th Cir. 2018).

Scott now asks that the original award of $6,700,000.00 be reinstated. [1], p. 4. He also asks the Court for permission to amend his Complaint, adding Milwaukee County, the City of Milwaukee, the Milwaukee County Jail, and the Milwaukee County Board of Supervisors as Defendants. [4], p. 1.

## II.     DISCUSSION

After reviewing the pleadings, the Court has determined that a transfer of venue is appropriate. "[A] district court may transfer a case upon a motion or *sua sponte*." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (emphasis added); *see also Provino v. Wray*, No. EP-23-CV-213-KC, 2023 WL 6617355, at *2 (W.D. Tex. Oct. 10, 2023) ("When venue is improper in the district in which the action was filed, the district court may transfer the case *sua sponte*." (emphasis added)). "The district court has broad discretion in deciding whether to order a transfer." *Caldwell*, 811 F.2d at 919.

Venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Scott has not established that the Southern District of Mississippi is a proper venue under Section 1391(b). He does not allege that Thicklen resides in this district; when

prompted to provide Thicklen's address, Scott listed the Milwaukee County Jail. [1], p. 2. And all of the events or omissions giving rise to these claims occurred outside the Southern District of Mississippi—namely, at the Milwaukee County Jail and through the District Court and Court of Appeals encompassing it. Venue is not proper in the Southern District of Mississippi.

If venue is not proper, "the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56, 134 S.Ct. 568, 187 L.E.2d 487 (2013). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 1406(a) "was intended to remove whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits, so that plaintiffs would not be penalized by time-consuming and justice-defeating technicalities." *Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 793 (5th Cir. 2021) (quotation and alterations omitted).

Having determined that venue is not proper in the Southern District of Mississippi, the Court must decide whether to dismiss the case without prejudice or "transfer the action to any district or division in which it could have been brought if the [C]ourt finds that it is in the interest of justice to transfer the action." *See Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (quotations omitted). In the case of a *pro se* plaintiff, dismissing the action and requiring the plaintiff to refile in the proper district "would be needlessly duplicative and costly." *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 115 (D.D.C. 2006). "Moreover, *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981) (emphasis added). The Court thus finds that the interest of justice is best served by

transferring this lawsuit to the Eastern District of Wisconsin, Milwaukee Division—where venue is proper. *See* 28 U.S.C. § 130(a).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **TRANSFERRED** to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division, under 28 U.S.C. § 1406(a). All documents filed in this civil action, including the pending motion, shall be received in accordance with the local rules of the Eastern District of Wisconsin.

**THIS, the 16th day of May, 2024.**

                                            **TAYLOR B. McNEEL**
                                            **UNITED STATES DISTRICT JUDGE**