UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

REGINALD SCOTT,

        Plaintiff,

        v.                                        Case No. 24-cv-0611-bhl

XAVIER THICKLEN,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Reginald Scott, who is currently serving a state prison sentence at the Harrison County Adult Detention Center in Gulfport, Mississippi, is representing himself in this 42 U.S.C. §1983 action. Scott brought this action in the U.S. District Court for the Southern District of Mississippi, where he was granted leave to proceed *in forma pauperis*. On May 16, 2024, the case was transferred to this Court because venue is proper in the Eastern District of Wisconsin. This matter comes before the Court to screen the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The complaint sets forth no allegations explaining what Defendant did or did not do to violate Scott's constitutional rights. Instead, the complaint

2

incorporates by reference a 2018 decision by the Seventh Circuit Court of Appeals addressing Milwaukee County's appeal of a $6,700,000 award entered against it. A jury had determined that a corrections officer acted within the scope of his employment when he had sexual contact with the plaintiff, Shonda Martin. The Seventh Circuit reversed and vacated the judgment against the County for indemnification and remanded the case to the district court with instructions to enter judgment for the County on that claim. Dkt. No. 1-1 at 1-8. Scott's complaint also incorporates by reference a death certificate that states that Martin died on November 20, 2022, and that she was married to Scott on the date of her death. Dkt. No. 1-1 at 9. Scott seeks "the original award of $6,700,000 . . . ." Dkt. No. 1 at 4.

Fed. R. Civ. P. 69 outlines the procedures by which a judgment creditor may enforce a money judgment, including the means by which a judgment creditor may obtain discovery "[i]n aid of the judgment or execution." To the extent Scott is seeking to use this lawsuit to enforce his deceased wife's judgment against the corrections officer, he cannot do so. As an initial matter, she, not Scott, is the judgment creditor, and thus she is the one entitled to enforce the judgment under the provisions described in Rule 69. While the rule allows for enforcement of a judgment by a "successor in interest whose interest appears of record," this does not apply to Scott. Martin's estate (assuming one exists) would be a successor in interest. Because he was married to Martin, Scott may have a claim against her estate in connection with the judgment, but he has no legal right to sue the corrections officer, who is the judgment debtor, to enforce the judgment that Martin obtained. Scott's attempt to bypass the complexities of enforcing his late wife's judgment by directly suing the judgment debtor is legally frivolous, so the Court must dismiss this complaint. *See Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022) (describing a claim as frivolous does not impugn the plaintiff's honesty but acknowledges that established precedent forecloses the claims).

And, although Scott's confusion about how to proceed following his wife's death may be understandable, the Court cannot provide him with legal advice or guidance on that point.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). There is no set of facts that would allow Scott to obtain the relief he seeks, so allowing him to file an amended complaint would be futile.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin on May 30, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.